**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**INTERNATIONAL FIRE AND SAFETY, INC.**                                              **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 2:06cv63KS-MTP**

**HC SERVICES, INC.; LARRY HOLIFIELD;**
**SUE BRIDGES; GEORGE BRIDGES;**
**LAVON HOLIFIELD; SONYA BRIDGES;**
**SONYA BRIDGES/WAYNE FARMS; And**
**DOES 1-10**                                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss **[#8]** for what appears to be insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5), Federal Rules of Civil Procedure, filed on behalf of the purported defendant "Sonya Bridges/Wayne Farms." The Court, being fully advised in the premises, finds as follows:

The plaintiff has instituted this action and served process on what the defendants characterize as a non-existent entity, i.e., "Sonya Bridges/Wayne Farms." "The party on whose behalf service is made has the burden of establishing its validity." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1353 (1990). The defendants have produced the affidavit of defendant George Bridges which unequivocally shows that there is no separate legal entity known as "Sonya Bridges/Wayne Farms" in existence which would be subject to suit. In fact, the poultry farm which the plaintiff

contends is "Sonya Bridges/Wayne Farms" is operated as a sole proprietorship by George Bridges and his wife Sue on property owned solely by them as tenants by the entirety.

Therefore, any process directed at such a non-existent entity would be void. In such a case, it is proper to challenge the form of the process under Rule 12(b)(4) or 12(b)(5). Rule 12(b)(4) is the proper challenge when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served. Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint. "If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Sweeney v. Greenwood Index- Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941). *See also* 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1353 (1990).

Purported service on "Sonya Bridges/Wayne Farms" was delivered to Sonya Bridges. Federal Rules of Civil Procedure Rule 4(h) permits a court, in its discretion, to allow any process or proof of service of process to be amended, and the court may order amendment at any time. *Smith v. Boyer*, 442 F.Supp. 62 (D.C. W.D.N.Y. 1977). The question is whether the court should simply quash process or dismiss the complaint. "[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1354. However, it is the opinion of the court that the proper relief for the legally non-existent entity "Sonya

Bridges/Wayne Farms" is dismissal of the complaint as to that non-existent entity.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss **[#8]** is well taken and should be granted and that the Complaint filed herein should be dismissed only as to "Sonya Bridges/Wayne Farms", without prejudice.

A separate judgment in accordance with the foregoing shall be entered herein pursuant to Rule 58, FRCP.

SO ORDERED AND ADJUDGED this the 18th day of August, 2006.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE