IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**INTERNATIONAL FIRE AND SAFETY, INC.**                                                              **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:06cv63KS-MTP**

**HC SERVICES, INC.; LARRY HOLIFIELD;
SUE BRIDGES; GEORGE BRIDGES;
LAVON HOLIFIELD; SONYA BRIDGES;
 And DOES 1-10**                                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the defendants' Preliminary Motion to Dismiss Count Four **[#10]** for the alleged failure of the plaintiff to plead fraud claims with particularity under Rule 9(b), (f) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being fully advised in the premises, finds as follows:

The plaintiff has filed a multi-count RICO Complaint against the defendants alleging that the defendants conspired to destroy International Fire and Safety, Inc. Count Four of the plaintiff's Complaint is titled "Common Law Fraud and Misrepresentation ."  In Paragraph 68, the plaintiff alleges that the defendants made "material misrepresentations to Hiller and International Fire about the commissions and compensation due Lavon and Larry Holified and HCS's referrals."  Paragraph 70 of the plaintiff's Complaint alleges that the defendants "...misrepresented that HCS intended

to purchase International." Based on this limited content of Claim Four of the Complaint, the defendants have moved the court to dismiss the claim as inadequately pled and for failure to state a claim upon which relief can be granted.

The defendants assert that the plaintiff has failed to allege fraudulent misrepresentation with sufficient particularity, as required by Fed. R. Civ. P. 9(b), (f). Pursuant to Rule 9(b), the Complaint must allege all of the elements of the underlying claim, and these allegations must be factual and not conclusory. *Peters v. Metropolitan Life Ins. Co.*, 164 F. Supp.2d 830, 834 (S.D. Miss. 2001). At a minimum, the Complaint must allege the particulars of time, place, and contents of the false representations. *Allen v. Tyson Foods, Inc.*, 153 F. Supp.2d 886, 889-90 (S.D. Miss. 2001). Further, to establish either fraud or misrepresentation under Mississippi law, the plaintiff must allege reasonable reliance on the misrepresentations. *Carter v. Union Security Life Ins. Co.*, 148 F.Supp.2d 734, 736-37 (S.D. Miss. 2001); *GMAC v. Baymon*, 732 So. 2d 262, 269-70 (Miss. 1999); *Arnona v. Smith*, 749 So. 2d 63, 66-67 (Miss. 1999).

The defendants have also moved the court to dismiss the claim itemized in Paragraph 70 of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because they assert that fraud cannot be predicated upon statements which are promissory in nature and which relate to future actions, intent or conduct. Paragraph 70 alleges that HCS misrepresented that it intended to purchase International (the plaintiff).

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the

complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994). If any matters outside the pleadings are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

As part of its RICO Complaint, the plaintiff has filed a RICO Case Statement, which is required by Standing Local Order entered July 13, 1998. That order provides, "In all cases in this court in which claims are asserted under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, a RICO Statement, conforming to the requirements of this order, must accompany the filing of the RICO complaint." The order then sets forth the specific information required to be included in the RICO Statement.

The defendants attack the plaintiff's RICO Statement as untimely in that it was filed thirty days after the original complaint was filed. However, when the RICO Statement was filed, no answer had been filed on behalf of any defendant and any delay in filing the RICO Statement did not prejudice any party. Further, the RICO Statement is a part of the pleadings in the case to be considered by the court in ruling on the defendants' motion to dismiss.

In reviewing the RICO Statement in conjunction with the Complaint, the court concludes that the plaintiff has sufficiently pled its claim of fraud and fraudulent misrepresentation with the required particularity to defeat a motion to dismiss. This finding has nothing to do with the merits of the plaintiff's claims. Indeed, discovery may prove that these claims are not supported by sufficient facts to go forward and could be subject to dismissal at the summary judgment stage. The court simply concludes, at this point, that the plaintiff has sufficiently pled its claims to defeat dismissal at this stage and should be allowed to go forward with discovery.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Preliminary Motion to Dismiss Count Four **[#10]** is Denied.

SO ORDERED AND ADJUDGED this the 28th day of August, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE