IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

INTERNATIONAL FIRE AND SAFETY, INC                                        PLAINTIFF

v.                                                                    No. 2:06cv63KS-MTP

HC SERVICES, INC. ET AL.                                                DEFENDANTS

## OPINION AND ORDER STAYING DISCOVERY

THIS MATTER is before the court on the Motions for Protective Order and to Stay Discovery [69, 76] filed by Defendants, and the court having considered the motions finds that the motions should be granted in part and that discovery should be stayed pending further order of the court.

On or about February 27, 2006, International Fire and Safety, Inc. ("International Fire") filed this action asserting a number of causes of action, including RICO claims under 18 U.S.C. § 1864. The RICO statement required by the local rules was filed on March 27, 2006. Various dispositive motions ensued. On June 15, 2006, a case management conference was held, and the matter was placed on the complex tract. Since that time the parties have filed numerous motions addressing discovery issues, and a voluminous amended complaint has been filed thereby adding more claims and issues to an already complex matter.

While this matter was pending, HC Services, Inc., George Bridges, and Sue Bridges (all defendants herein) filed a separate lawsuit on May 19, 2006, in Jones County Circuit Court against International Fire and numerous other parties asserting various claims arising out of the

parties' business relationships, including claims under Mississippi's state RICO statutes. International Fire promptly removed the matter to this court, and defendants responded with a motion to remand the case to state court. This second matter is pending in this court as civil action number 2:06cv160. Thus, two matters are now pending in this court involving many of the same parties as well as claims arising out of the same or related transactions, agreements and business dealings.

With the pleadings in flux and the procedural posture of both cases unresolved, Defendants herein have moved to stay discovery arguing *inter alia* that the expense of going forward with broad discovery at this point without a clear understanding of which claims will remain in this court will likely result in a waste of resources and duplication of effort. Plaintiff counters that defendants simply seek to delay this matter in hopes of winning a race to the state courthouse.

The court is persuaded by the defendants' argument and finds that a stay of discovery is appropriate. Until the scope of this matter (and the related matter) is better defined, expensive and expansive discovery is inappropriate and unnecessary. It remains to be seen whether there will be one, two, or *any* cases remaining in this court involving these parties in light of the various pending motions in this matter and in cause no. 2:06cv160.

Courts may, when justice requires or when necessary to protect the parties from undue burden and expense, enter an order staying or prohibiting discovery. Fed. R. Civ. P. 26 (c)(1). A temporary stay of discovery will not unduly prejudice any party and will, once the issues are defined, allow the parties and the court to better focus their time, effort and resources.

A stay of discovery in this matter will be entered pending the district judge's ruling on the motion to dismiss filed in this matter and the motion to remand filed in cause no 2:06cv160. The

2

court is mindful that Plaintiff's Cross-Motion for Leave to File Second Amended Complaint [66] has been granted and deeming the amended complaint filed on or about August 28, 2006, [45, 46] as timely filed. Should the defendants desire to test the sufficiency of the amended complaint via motion, said motion shall be filed by no later than November 15, 2006, so that all issues relating to the pleadings are before the court for disposition and to avoid further delay.

Upon a ruling by the district judge on the above matters, the parties shall notify the court and, if necessary, a new scheduling order and discovery plan will be crafted to ensure that this matter proceeds in an orderly manner and without further delay.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motions to Stay Discovery [69, 76] are granted in part as set forth herein and discovery is stayed pending further order of the court. Any remaining requests in the motions are denied without prejudice to the movants' right to reassert them upon the re-opening of discovery.

SO ORDERED this 31st day of October, 2006.

s/ Michael T. Parker
United States Magistrate Judge