IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**INTERNATIONAL FIRE AND SAFETY, INC.**                                **PLAINTIFF**

v.                                                                     No. 2:06cv63-KS-MTP

**H.C. SERVICES INC., et al.**                                         **DEFENDANTS**

### ORDER

This matter came before the court this day for a hearing on various pending motions and for a status conference. The court, having fully considered the various motions and responses, the arguments of the parties, and the applicable law, the court finds as follows:

It is ORDERED:

1. That the parties are to submit to the court in writing the name of the chosen mediator, and the date, time, and place of mediation by 5:00 p.m. on Wednesday, October 10, 2007. If the parties fail to submit the requested information by the above deadline, the court will choose the mediator, and the date, time, and place for the mediation.

2. That the parties are to submit to the court by 5:00 p.m. on Wednesday, October 10, 2007, an amended "Agreed Document Deposition Topics," including the expanded language to section 2.a., "Specific Topics," discussed during the hearing.

3. That the Motion to Compel Documents Under Subpoena to Ansul [169] is DENIED, and the Motion to Quash [186] filed by Ansul is GRANTED, as the subpoena seeks the production of documents from a non-party located outside the jurisdictional limits of this court. *See* Fed. R. Civ. P. 45(b)(2) and (c)(3)(A)(ii); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993); *McAuslin v. Grinell Corp.*, No. CIV. A. 97-775, CIV. A. 97-803, 1999 WL 24617, at *1-*3 (E.D. La. Jan. 19, 1999). Accordingly, the Motion for

        Joinder in Ansul's Motion to Quash [191] is GRANTED.

4. That the Motion to Modify Subpoena and for Protective Order [188] filed by Ansul is DENIED as moot.

5. That the Motion to Compel Documents Under Subpoena to Pyro-Chem Fire Protection [170] is DENIED, and the Motion to Quash [184] filed by Pyro-Chem Fire Protection is GRANTED, as the subpoena seeks the production of documents from a non-party located outside the jurisdictional limits of this court.  *See* Fed. R. Civ. P. 45(b)(2) and (c)(3)(A)(ii); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993); *McAuslin v. Grinell Corp.*, No. CIV. A. 97-775, CIV. A. 97-803, 1999 WL 24617, at *1-*3 (E.D. La. Jan. 19, 1999).  Accordingly, the Motion for Joinder in Pyro-Chem's  Motion to Quash [190] is GRANTED.

6. That the Motion to Modify Subpoena and for Protective Order [189] filed by Pyro-Chem Fire Protection is DENIED as moot.

7. That the Motion to Compel Documents Under Subpoena to American Express [172] and the Motion to Quash or Modify Subpoena [196] are DENIED as moot, as the parties have reached an agreement as to the scope of production of documents requested in the subpoena.  The parties are ordered to submit an Agreed Order to the court on or before October 15, 2007, regarding the scope of the documents to be produced under the subpoena issued to American Express.

8. That the Motion to Compel Documents Under Subpoena to American Fire & Safety [173] is GRANTED in part and DENIED in part. The Motion to Compel is granted as to the fourth category of documents identified in the subpoena: "All communications and related documents from 2000 to present between American Fire & Safety and Hiller Investments, Inc. (including its affiliates and subsidiaries including International Fire and Safety, Inc., Hiller Systems, Inc., Herbets S. Hiller, Hiller Offshore Services, Chartres Corp., and Hiller New England Fire

Protection)." American Fire & Safety shall produce any such documents and/or records on or before October 19, 2007. The Motion is denied as moot as to the first three categories identified in the subpoena, as American Fire & Safety stated in response to the subpoena that it did not perform any work during the period specified in the subpoena.

SO ORDERED AND ADJUDGED this the 9th day of October, 2007.

s/ Michael T. Parker
United States Magistrate Judge