IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**INTERNATIONAL FIRE AND SAFETY, INC.**                                   **PLAINTIFF**

v.                                                                                            No. 2:06cv63-KS-MTP

**H.C. SERVICES INC., et al.**                                                      **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the court on the Motion [218] to Temporarily Stay Order [202] filed by International Fire and Safety, Inc., Hiller Investments, Inc., Hiller Systems, Inc., and other interested parties. The accounting firm of Russell, Thompson, Butler & Houston, LLP ("RTBH") filed a Joinder [219] in the Motion. The court, having fully considered the motion, the response, the rebuttal, and the applicable law, finds that the Motion [218] should be DENIED.

The Motion [218] to Temporarily Stay Order Requiring Production of Tax Returns and Accountant-Client Communications Pending Review by District Court is the latest request by the parties to further delay the disposition of this matter. This case was filed over a year and a half ago, but due to numerous requests for stays, numerous amended complaints, a third-party complaint, cross-claims, and a host of other squabbles which the parties have been unable to resolve without court intervention, discovery is now only just beginning.

This time, the requested delay is in the form of a Motion [218] filed on behalf of International Fire and the Hiller parties to stay the Order [202] requiring the production of certain documents, namely federal tax returns, pending the appeal of the Order [202]. In the Motion [218], the movants claim that the court's Order [202] dated October 9, 2007, should be stayed, since the objections to the Order filed by the parties "raise serious legal questions about (1) the standards governing the discovery of tax returns and (2) the application of the Mississippi accountant-client privilege statute." *See* Motion [218] at ¶ 3. The movants also claim that they

1

will be "irreparably injured" if the documents at issue in the court's Order [202] are produced, since such documents contain confidential information protected by Mississippi's accountant-client privilege, Miss. Code Ann. § 73-33-16. *Id*. at ¶ 4. Finally, the movants claim that the defendants will not be "unduly prejudiced" by the stay. *Id.* at ¶ at 5.

Local Rule 72.1(B) provides as follows:

> **(B) Effect of Ruling by a Magistrate Judge**. A magistrate judge's ruling or order is the court's ruling and will remain in effect unless and until reversed, vacated, modified, or stayed. . . . A stay application must first be presented to the magistrate judge who issued the ruling or order. If the magistrate judge denies the stay, the applicant may request in writing a stay from the district judge to whom the case is assigned. . . .

Generally, when considering a motion to stay, the court must consider the following:

> (1) Whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984); *Thompson v. Ingalls Shipbuilding*, No. 1:01cv111-LG-RHW, 2006 WL 455991, at *1 (S.D. Miss. Feb. 22, 2006). Although "the movant need not always show a probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities*, [i.e. the other three factors] *weighs heavily in the favor of granting the stay*." *O'Bryan*, 729 F.2d at 993 (internal quotations and citations omitted); *see also Thompson*, 2006 WL 455991, at *1. The burden is on the movants to demonstrate that a stay is warranted. *Thompson*, 2006 WL 455991, at *1.

The movants have failed to carry their burden of demonstrating that a stay is warranted. The movants are unlikely to succeed on the merits of their appeal. The movants, citing to authority outside this district and the Fifth Circuit, claim that tax returns should only be produced when the party seeking the returns shows that the information in the returns is relevant, and that

2

there is a compelling need for the returns because the information is not otherwise readily obtainable. *See* Objections to Order [220] at 8. Based on the claims and defenses at issue in this litigation, the documents the court ordered the parties to produce in its Order [202] appear to be relevant or certainly may lead to the discovery of admissible evidence.

The movants also claim that the federal tax returns and supporting documents contain confidential information protected by Mississippi's accountant-client privilege, Miss. Code Ann. § 73-33-16. Plaintiffs have steadfastly asserted that this case is grounded on federal question jurisdiction, 28 U.S.C. § 1331, based on claims in violation of RICO, 18 U.S.C. § 1964; copyright infringement and unfair competition, 28 U.S.C. § 1338(a)(b); the Lanham Act, 15 U.S.C. § 11259(1)(B); and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. *See* Amended Complaint [129] at ¶¶ 21-23. Because this court has jurisdiction of this case based on a federal question, federal law determines the existence of a privilege. *See Gilbreath v. Guadalupe Hosp. Found., Inc.*, 5 F.3d 785, 791 (5th Cir. 1993). The same is true of cases involving both federal and state law claims. *See Reed v. City of Greenwood*, No. 4:02cv287, 2006 WL 717492, at *1 (N.D. Miss. March 21, 2006); Comment, Fed. R. Evid. 501 ("in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case]"). Accordingly, because federal law governs the privileges applicable in this case, Miss. Code. Ann. § 73-33-16 is not applicable.[1] *See Gilbreath*, 5 F.3d at 791 (holding that plaintiff could not assert state law

---

[1]However, even if Mississippi law governed the privileges at issue, it is still not entirely clear whether the Mississippi accountant-client privilege would apply here. Rule 501 of the Mississippi Rules of Evidence states that:

> Except as otherwise provided by the United States Constitution, the State Constitution, by these rules, or by other rules applicable in the courts of this state to which these rules apply, no person has a privilege to . . . **(3)** Refuse to produce any object or writing.

privilege because her right to assert a privilege was governed by federal law).

"[N]o confidential accountant-client privilege exists under federal law, and no state[-] created privilege has been recognized in federal cases." *Couch v. U.S.*, 409 U.S. 322, 335 (1973); *see also In re Hunt*, 153 B.R. 445, 450 (Bkrtcy. N.D. Tex. 1992) (refusing to recognize accountant-client privilege where federal law governed the privilege). Therefore, the movants have failed to prove the likelihood of a success on the merits.

The movants have also failed to show an irreparable injury if the stay is not granted. In its Order [202], the court stated that all documents produced pursuant to the Order were to be protected by and subject to the terms of the Agreed Protective Order [64] entered by the court, which would protect the confidential nature of such documents. As for the expense of producing the compelled documents, at no time have the movants submitted any estimate or an affidavit of how much time, effort, or expense would be involved in producing the documents. In fact, the movants object to producing a privilege log claiming that doing so would be "impractical" and did not request a reimbursement of expenses in their Motion to Quash [199].[2] However, any issues regarding such costs are not so pressing that the case should once again grind to a halt.

---

Miss. R. Evid. 501. The movants have not asserted a privilege provided by the Constitution of the United States or Mississippi, and the Mississippi Rules of Evidence do not provide for an accountant-client privilege. *See* Miss. R. Evid. 501-505. Further, the Mississippi Supreme Court has held that statutory privileges were abrogated by the adoption of Rule 501 of the Mississippi Rules of Evidence. *See Hughes v. Tupelo Oil Co.*, 510 So. 2d 501 (Miss. 1987); *see also Whitehurst v. State*, 540 So. 2d 1319 (Miss. 1989) (holding that privilege created by Miss. Code Ann. § 63-11-7, "standing alone, was effectively abrogated by Rule 501 . . . . This is not inconsistent with the explanatory comment to Rule 501 which states that 'all such statutory privileges are abrogated'").

[2]In his affidavit, Louis G. Russell states that a search of the documents "would require many labor hours of professional work . . . and would be very expensive." *See* Exhibit 1 [199-2] to Motion to Quash [199] at ¶ 13. He also states that he feels that "the defendants should be required to reimburse the reasonable cost of [reviewing the documents]." *Id.* However, such a request was not made in the Motion [199], and no estimate of hours or monetary amount was indicated.

Based on the foregoing, the court concludes that the movants have failed to show that the balance of the factors set forth above weigh heavily in favor of granting the stay. Accordingly,

IT IS, THEREFORE, ORDERED that the Motion [218] to Temporarily Stay Order is DENIED.

SO ORDERED AND ADJUDGED this the 30th day of October, 2007.

s/ Michael T. Parker
United States Magistrate Judge